JEMIMA NEWTON *vs.* FREDERICK J. NEWTON.

APRIL 2, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

MURDOCK, J.   This case is before us on the exception of the garnishee to the denial of its motion in the Superior Court for an order directing the sheriff to amend his return on an execution served on the garnishee.   On January 2, 1932, the plaintiff commenced an action against the principal defendant in the sixth district court and named in her writ the Franklin Process Co. as trustee.   The writ was duly served on said company and the personal estate of the principal defendant in its hands was attached.   Said company did not file the affidavit required by Section 10, Chap. 351, G. L. 1923.   The case, having been taken by appeal to the Superior Court, was heard by a justice thereof without intervention of a jury and on March 13, 1933, a decision was rendered for the plaintiff for $702.24 and costs.   The garnishee was charged in default for $718.14.   Judgment for that amount was entered for the plaintiff and on March 27 execution was issued returnable September 27, 1933. Plaintiff's attorney—whether by accident or design does not appear—retained possession of the execution until the day before its return-day, that is, until September 26, when he placed it in the hands of the sheriff for service on the garnishee.

In his rescript the trial justice summarizes the subsequent proceedings as follows:   "The garnishee did not pay the amount called for by the execution nor did it tender to the officer charged with the service of the execution either the statutory affidavit or the amount of the statutory charges, provided for under Chap. 353, Sec. 21, G. L. 1923, at any time previous to or on the return-day of the execution. The officer made a return dated September 26, 1933, to the effect that the assistant treasurer of the garnishee had refused to pay the amount of the execution.   In point of fact the execution was not actually filed in the office of the Clerk of the Court until September 29, 1933.   Before the execution was so filed, the attorney for the garnishee made a

tender on September 29, 1933, of an affidavit under the statute setting up the mistake of the garnishee in not filing the affidavit required of a garnishee, together with an amount admitted to be due the defendant and the other charges under Sec. 21 of Chap. 353, G. L. 1923. This tender was made to a deputy sheriff in charge of service of process. That officer refused to accept the affidavit and the amount tendered. It was after this and on the same day that the execution was actually filed in the office of the Clerk. The officer in charge of service of process was not the officer who had in charge the service of the execution. On the same day, but after the execution had been filed in the Clerk's office, a tender was made of the statutory affidavit and the amount disclosed by such affidavit together with the statutory charges to the officer who made the service of the execution, and such tender was not accepted by him."

The purpose of the garnishee's motion is to amend the return so that it shall appear that the officer has accepted the affidavit and $15.30, the amount due as disclosed by the affidavit tendered under the provisions of Section 21 Chap. 353.

In *Grant* v. *New York Life Ins. Co.*, 24 R. I. 11, this court, reasoning from the analogy of a writ of *scire facias*, held that a garnishee, who had failed to file a return, could not be proceeded against until after the return-day of the writ of execution. It was there held that, to make the relief afforded by said section 21 adequate, time is of considerable importance, as a trustee in default could not be expected to be prepared with an affidavit ready to hand to an officer upon demand, and that to give a reasonable remedy some time must be allowed after the service of the writ of execution.

It is true that the inference to be drawn from that case is that the affidavit must be tendered before the return-day of the execution, yet, the *ratio decidendi* of the case is that a reasonable time must be allowed the garnishee to tender his affidavit and statutory charges after the service of the execution. Since that case was decided there seems to have

arisen a practice of withholding service of the execution so that the garnishee will not have time to prepare an affidavit under the provisions of said section 21. This practice is contrary to the spirit of the statute.

It ought not to lie in the power of the judgment creditor to deprive the garnishee of a reasonable time within which to avail himself of the provisions of the statute by withholding service of the execution until the day before its return-day. To permit this to be done would thwart the purpose of the statute and would be contrary to the principle established in *Grant* v. *New York Life Ins. Co., supra.*

To effectuate the intention of the statute, as interpreted in the *Grant* case, we now hold that a garnishee, upon whom execution has been served such a short time before the return-day as to deprive the garnishee of a reasonable time within which to avail himself of the provisions of the statute, has a reasonable time to avail himself of the same even though the return-day of the execution has passed and the execution has been returned by the officer to the court.

There is no merit in the contention that, the return-day of the execution having passed, the officer charged with the service of the same no longer had any control thereof and consequently could not receive the affidavit when tendered. The term "officer charged" may be read in the past tense. It is necessary to so read it even though the execution were seasonably served, as in the *Grant* case, for it could with equal force be argued that the officer's control over the execution had ceased once the same had been returned to court.

As the garnishee in the instant case complied with the provisions of the statute within two days after the service of the writ of execution, it acted within a reasonable time after said service.

Therefore, the exception of the garnishee is sustained and the case is remitted to the Superior Court for further proceedings in accordance with this opinion.

*William H. McSoley,* for plaintiff.

*Edward Winsor, Edwards & Angell,* for garnishee.